UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES KULICH,

    Plaintiff,

v.                                                      Case No.:  2:20-cv-455-FtM-38MRM

PEACE RIVER CHARTERS LLC and
BRUCE LEE TRAUGNOTT,

    Defendants.
                                            /

### **ORDER**[1]

Before the Court is Defendant Peace River Charters LLC and Bruce Lee Traugott's Notice of Removal. (Doc. 1). Plaintiff James Kulich sues Defendants for negligence after sustaining injuries while abord an airboat owned and operated by Defendants. (Doc. 3). Defendants cite diversity as the jurisdictional basis. The Court is not so sure.

A defendant may remove a civil action from state to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). And because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

After removal, jurisdictional defects leave the Court with no option but to remand. On the other hand, procedural defects (like untimeliness or violating the forum-defendant rule) are waivable. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751-52 (11th Cir. 2010); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1372 n.4 (11th Cir. 1998). So courts cannot *sua sponte* remand for a procedural defect before a party moves to remand. *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1320-21 (11th Cir. 2001).

Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Here, the diversity of citizenship requirement is problematic because Peace River does not sufficiently plead its citizenship.

A limited liability company ("LLC")—like Peace River—is a citizen of every state in which one of its members is domiciled. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004). Each member of the LLC must be diverse from the opposing party. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Peace River alleges Defendants are citizens of Florida while Plaintiff is a citizen of Missouri. Specifically, Peace River says it is a Florida LLC with its principal place of business in Arcadia, Florida. But this pleading fails to tell the Court the domicile of Peace River's individual member(s). *Cf. McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (stating an individual is a citizen where he is domiciled, not necessarily where he is a resident). Without such allegations, Peace River has not adequately pleaded diversity of citizenship.

Accordingly, it is now

**ORDERED:**

Defendants must **SUPPLEMENT** the Notice of Removal **on or before July 14, 2020**, to show cause why this case should not be remanded for lack of subject-matter jurisdiction.  **Failure to comply with this Order will result in the case being remanded without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of July, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3