UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES KULICH,

        Plaintiff,

v.                                              Case No: 2:20-cv-455-SPC-MRM

PEACE RIVER CHARTERS
LLC and BRUCE LEE
TRAUGOTT,

        Defendants.
                                     /

## OPINION AND ORDER[1]

Before the Court is Defendants Peace River Charters LLC and Bruce Lee Traugott's Motion for Summary Judgment (Doc. 25), along with Plaintiff James Kulich's response in opposition (Doc. 27),[2] and Defendants' replies (Doc. 28; Doc. 29). After considering these papers against the record and applicable law, the Court grants the motion.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Plaintiff's response does not follow Local Rule 1.08's typography requirements. For efficiency reasons, the Court will not strike the paper. But Plaintiff should not expect future leniency from the Court for his failure to follow the Local Rules.

## DISCUSSION

This case is about a fateful airboat tour on Johnson Lake three years ago. Three passengers and a captain set sail for a one-hour tour. The ride got rough, and the airboat collided with a tree. One passenger (Plaintiff) injured his hip and has sued the captain (Traugott) and airboat tour company (Peace River) for ordinary and gross negligence. (Doc. 3). Peace River and Traugott now move for summary judgment because Plaintiff assumed the risk of injury and agreed not to sue them for any damages—whether caused by their negligence or not—while on the tour. Plaintiff did so when he electronically signed a Disclosure, Assumption of Risk, Liability Release and Hold Harmless Agreement ("Release") minutes before boarding the airboat. (Doc. 25-4).

Because the Release is central to Defendants' motion, its relevant contents are summarized. The Release advises Plaintiff that airboats, "as well as the environment in which they operate, present certain inherent and, at times, unavoidable dangers." (Doc. 25-4 at 2). It lists risks like collisions with natural objects, capsizing, sinking, equipment failure, and operator error. (Doc. 25-4 at 2). It also states that Plaintiff acknowledged the potential dangers, hazards, and risks with the airboat ride, that he agreed to assume all risks of injury resulting from the ride, and that he released Peace River and Traugott from "any harm, injury, damage, claims, demands, actions, causes of action, costs and/or expenses of any nature" arising from "any loss, damage, or

injury including but not limited to, suffering or death" while Plaintiff engaged in the airboat tour, "whether or not caused by the negligence, either actual or alleged, of" Peace River. (Doc. 25-4 at 3).

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a material fact is in genuine dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At this stage, courts must view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

## DISCUSSION

Defendants move for summary judgment based on the liability waivers in the Release. They argue the Release is enforceable because Plaintiff knowingly executed it and the language is clear, detailed, and understandable. Defendants also claim the Release covers Plaintiff's negligence claims, thus barring his suit. For Plaintiff's part, he does not argue the Release is unenforceable. He only argues the Court should not enforce the Release and dismiss this case. And he gives the Court two reasons why.

First, Plaintiff maintains that Defendants were negligent per se because they violated federal and state safety laws and that Florida law does not permit a waiver of negligence per se. And to show Defendants were negligent per se, Plaintiff points to a citation Traugott received for carelessly operating the airboat in violation of Florida Statute § 327.33(2). He also submits the declaration of a federally certified airboat instructor, who states that Traugott violated four United States Coast Guard Navigation Rules. (Doc. 27-5).

But Plaintiff's argument has a fundamental defect: he never pled negligence per se as a cause of action. The Complaint only alleges ordinary and gross negligence. (Doc. 3 at ¶¶ 9, 13). This distinction is important because negligence and negligence per se are separate claims with different elements. *See Lemma Ins. (Eur.) Co. v. Rumrunner Sport Fishing Charters, Inc.*, No. 8:11-CV-2110-T-33TBM, 2012 WL 254134, at *1-2 (M.D. Fla. Jan. 27, 2012).

At best, the Complaint says that Peace River and Traugott acted negligently by not following "the Coast Guard and Florida Navigation Rules of the Road for both safe speed and having a lookout." (Doc. 3 at 3, 6). But this allegation is found among a dozen or so ways that Defendants acted negligently. The Complaint cites no codified contents of those rules. Nor does it mention Traugott being ticketed for violating Florida Statute § 327.33(2). So

even reading the Complaint favorably for Plaintiff, the pleading does not notify Defendants of any negligence per se claim.

If Plaintiff wanted to use negligence per se to sidestep the Release, he needed to plead that claim.[3] Plaintiff cannot do so now at the summary judgment stage. *See Gilmore v. Gates, McDonald, and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." (citation omitted)); *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006) ("Having proceeded through discovery without amending (or seeking to amend) his complaint to reflect that fundamental change, [the plaintiff] was not entitled to raise it in the midst of summary judgment." (citation omitted)).

Plaintiff's second argument against summary judgment is that the Release does not cover gross negligence, and there are genuine issues of material fact as to whether Defendants acted with gross negligence. It is true the Release does not specifically mention the term "gross negligence." But it does say that Plaintiff will not sue Defendants for any injuries sustained while on the airboat tour "whether or not caused by the negligence, either actual *or alleged*, of" Peace River. (Doc. 25-4 at 3 (emphasis added)). Any straightforward reading of this language suggests that the Release covers

---

[3] Plaintiff never moved to amend the Complaint to include a negligence per se claim, and the deadline to have done so has long expired. (Doc. 18).

5

gross negligence. And Plaintiff offers no argument (or case law) to the contrary. Instead, Plaintiff spends several pages explaining undisputed facts on Defendants' gross negligence. But that briefing misses the mark. Defendants are not seeking summary judgment because the undisputed facts fail to show gross negligence. Defendants instead argue that the Court (or jury) need not reach that decision because the Release prevents this suit outright. And the Court agrees.

One final point. Defendants also moved for summary judgment on their defense that Plaintiff assumed the risk of injury while participating on the airboat tour. They argue that the Release acknowledged risks like collisions with natural objects, collisions that result in injury, and operator error. From there, Defendants note that all the negligent acts Plaintiff says they committed fall within those risks. Plaintiff offers nothing in response to Defendants' assumption of the risk argument, and the Court will not do so on his behalf. The Court thus treats Defendants' argument as unopposed and worthy of being granted.

In conclusion, Plaintiff signed a release that notified him of the risks he could encounter on the airboat tour, and he agreed not to sue Defendants for any injury caused by Defendants' negligence. Because the Release is unambiguous in its terms and applies to Plaintiff's claims, the Court finds Defendants are entitled to summary judgment.

Accordingly, it is now

**ORDERED:**

1. Defendants Peace River Charters LLC and Bruce Lee Traugott's Motion for Summary Judgment (Doc. 25) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 1, 2021.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record